IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| JERMAINE BARNETT, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil Action No. 06-583-JJF |
| | : | |
| THOMAS CARROLL, Warden, and | : | |
| JOSEPH R. BIDEN, III, | : | |
| Attorney General of the State | : | |
| of Delaware, | : | |
| | : | |
| Respondents.[1] | : | |

---

Jermaine Barnett. <u>Pro Se</u> Petitioner.

Kevin M. Carroll, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware.  Counsel for Respondents.

---

**MEMORANDUM OPINION**

September 27, 2007
Wilmington, Delaware

---

[1]Attorney General Joseph R. Biden, III assumed office in January, 2007, replacing former Attorney General Carl C. Danberg, an original party to this case.  <u>See</u> Fed. R. Civ. P. 25(d)(1).

*Joseph J. Farnan Jr.*

**Farnan, District Judge**

Petitioner Jermaine Barnett ("Petitioner") filed the pending Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 ("Petition"). (D.I. 1.) For the reasons discussed, the Court concludes that the Petition is time-barred by the one-year period of limitations prescribed in 28 U.S.C. § 2244(d)(1).

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Tom Smith, co-owner of Black Sheep Sports located in New Castle County, Delaware, was killed during the robbery of that store in June 1995. Arrested shortly thereafter were Petitioner, Hector Barrow, and Lawrence Johnson, all from New York City, New York. The grand jury indicted each of the three individuals in August 1995, charging them with first degree intentional murder, first degree felony murder based on recklessness, first degree felony murder based on criminal negligence, first degree robbery, second degree burglary, first degree conspiracy, second degree conspiracy, and possession of a firearm during the commission of a felony. Petitioner and Barrow were re-indicted on February 18, 1997 for reasons unrelated to the legal viability of the original indictment. See State v. Barrow, 2005 WL 3436609, at *1 (Del. Super. Ct. Dec. 6, 2005).

Johnson was tried separately and in advance of the joint trial of Petitioner and Barrow. Johnson was acquitted of first degree intentional murder but convicted of felony murder and

1

sentenced to life imprisonment.  See Barrow, 749 A.2d at 1236.
After a four week joint jury trial beginning April 17, 1997, and
concluding May 15, 1997, Petitioner and Barrow were convicted on
all the counts in the indictment.  The Superior Court sentenced
both men to death for their first degree intentional murder
convictions.  Id.

On Petitioner's and Barrow's joint direct appeal, the
Delaware Supreme Court determined that the admission of Johnson's
redacted statement violated Petitioner's and Barrow's rights
under the Confrontation Clause of the Sixth Amendment, but that
there was sufficient evidence, absent the disputed statement, to
support the convictions of felony murder as to both Petitioner
and Barrow.  Consequently, the Delaware Supreme Court reversed
their convictions for intentional murder and ordered a new trial
on those counts if the State elected to pursue them, and remanded
for a new penalty hearing on the felony murder convictions.
Barrow v. State, 749 A.2d 1230 (Del. 2000).

The State elected not to continue with the first degree
intentional murder charges.  See State v. Barrow, 2002 WL 88934,
at *1 (Del. Super. Ct. Jan. 4, 2002).  Therefore, the Superior
Court held a new penalty hearing in June 2001, and on January 4,
2002, afer reviewing the evidence and weighing all other relevant
factors, the Superior Court imposed life sentences on Petitioner
and Barrow for felony murder in the first degree.  See Barrow,

2

2005 WL 3436609, at *1.  Petitioner did not appeal his sentence.

In January 2005, Petitioner and Barrow filed separate motions for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion").  The Superior Court consolidated the cases, and denied the motions as time-barred, procedurally barred, and meritless.  Petitioner appealed the denial of his Rule 61 motion on March 30, 2006, but the Delaware Supreme Court dismissed the appeal as untimely.  See Barnett v. State, 2006 WL 2371338 (Del. Aug. 14, 2006).

In September 2006, Petitioner filed an application for federal habeas relief asserting four grounds for relief, all of which challenge the admission of Johnson's out-of-court statements during his trial.  Respondents filed an Answer asserting that the Court should dismiss the Petition as untimely. (D.I. 13.)

## II.  DISCUSSION

### A.  One-Year Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law by the President on April 23, 1996, and habeas petitions filed in federal courts after this date must comply with the AEDPA's requirements.  See generally Lindh v. Murphy, 521 U.S. 320, 336 (1997).  The AEDPA prescribes a one-year period of limitations for the filing of habeas petitions by state prisoners, which begins to run from the latest of:

3

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The instant Petition is subject to the one-year limitations period contained in § 2244(d)(1).  See Lindh, 521 U.S. at 336. Petitioner does not allege, nor can the Court discern, any facts triggering the application of § 2244(d)(1)(B), (C), or (D). Accordingly, the one-year period of limitations began to run when Petitioner's conviction became final under § 2244(d)(1)(A).

The Superior Court re-sentenced Petitioner on January 4, 2002, and Petitioner did not appeal that sentence.  As a result, Petitioner had until February 5, 2003 to file a timely habeas petition.[2]  Petitioner, however, did not file the Petition until

---

[2]Petitioner's conviction became final for the purposes of § 2244(d)(1) on February 4, 2002, the day on which the 30 day appeal period expired, and the AEDPA's one-year limitations period began to run on February 5, 2002.  See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir. 1999);  Wilson v. Beard, 426 F.3d 653 (3d Cir. 2005)(holding that Federal Rule of Civil Procedure 6(a) and (e) applies to federal habeas petitions).

4

September 16, 2006,[3] approximately three and one-half years after

the AEDPA's statute of limitations expired in 2003.   Thus, unless

the limitations period can be statutorily or equitably tolled,

the Petition is time-barred.   See Jones v. Morton, 195 F.3d 153,

158 (3d Cir. 1999).   The Court will discuss each doctrine in

turn.

   **B. Statutory Tolling**

   Pursuant to § 2244(d)(2), "a properly filed application for

State post-conviction or other collateral review with respect to

the pertinent judgment or claim" will toll the AEDPA's one-year

limitations period during the time the collateral proceeding is

pending, including any post-conviction appeals, provided that the

application for collateral review is filed prior to the

expiration of the AEDPA's one-year period.   See 28 U.S.C. §

2244(d)(2); Swartz v. Meyers, 204 F.3d 417, 424-25 (3d Cir.

2000); Price v. Taylor, 2002 WL 31107363, at *2 (D. Del. Sept.

23, 2002)(explaining that a properly filed Rule 61 motion will

only toll the limitations period if it was filed and pending

---

   [3]A prisoner's pro se habeas petition is deemed filed on the
date he delivers it to prison officials for mailing to the
district court.   See Longenette v. Krusing, 322 F.3d 758, 761 (3d
Cir. 2003)(the date on which a prisoner transmitted documents to
prison authorities is to be considered the actual filing date);
Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998).   The Court
adopts the date on the Petition, September 16, 2006, as the
filing date, because presumably, Petitioner could not have
presented the Petition to prison officials for mailing any
earlier than that date.   See Woods v. Kearney, 215 F. Supp. 2d
458, 460 (D. Del. 2002).

5

before the expiration of the AEDPA's limitations period).  Here,
Petitioner filed his Rule 61 motion on January 27, 2005,
approximately two years after the expiration of the AEDPA's
limitations period.  Therefore, Petitioner's Rule 61 motion has
no statutory tolling effect.

### C. Equitable Tolling

The AEDPA's limitations period may also be tolled for
equitable reasons if the petitioner's case is "the rare situation
where equitable tolling is demanded by sound legal principles as
well as the interests of justice." Jones v. Morton, 195 F.3d
153, 159 (3d Cir. 1999).  In order to trigger equitable tolling,
the petitioner must demonstrate that he "exercised reasonable
diligence in investigating and bringing [the] claims" and that he
was prevented from asserting his rights in some extraordinary
way; mere excusable neglect is insufficient.  Miller v. New
Jersey State Dept. of Corrs., 145 F.3d 616, 618-19 (3d Cir.
1998);  Schlueter v. Varner, 384 F.3d 69, 77 (3d Cir. 2004).
Consistent with these principles, the Third Circuit has
specifically limited equitable tolling of AEDPA's limitations
period to the following circumstances:

> (1) where the defendant (or the court) actively misled the
> plaintiff;
> (2) where the plaintiff was in some extraordinary way
> prevented from asserting his rights; or
> (3) where the plaintiff timely asserted his rights
> mistakenly in the wrong forum.

Jones, 195 F.3d at 159; see also Brinson v. Vaughn, 398 F.3d 225,

6

231 (3d Cir. 2005)(equitable tolling is appropriate where the court misleads petitioner about steps necessary to preserve habeas claim).

Here, Petitioner argues that the Superior Court's failure to inform him of its decision in his Rule 61 proceeding constitutes an extraordinary circumstance warranting equitable tolling.  The Court rejects this argument.  The date on which the Superior Court informed Petitioner of its decision has no bearing on the fact that Petitioner filed his initial Rule 61 motion approximately two years after his conviction became final.  More specifically, the Superior Court's failure to notify Petitioner of its decision did not prevent Petitioner from timely filing the instant Petition because the Petition was already time-barred when Petitioner filed his Rule 61 motion in the first place. Therefore, Petitioner's argument regarding the Superior Court's role in his untimely filing does not trigger the application of equitable tolling.

Petitioner fails to provide any other explanation for his lengthy delay in filing the Petition.  Further, even if Petitioner's failure to comply with the AEDPA's limitations period was due to a mistake in computing the time-period, such mistakes do not warrant equitable tolling.  LaCava v. Kyler, 398 F.3d 271, 276 (3d Cir. 2005)("in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes

7

have not been found to rise to the extraordinary circumstances required for equitable tolling")(internal citation omitted); Simpson v. Snyder, 2002 WL 1000094, at *3 (D. Del. May 14, 2002)(a petitioner's lack of legal knowledge does not constitute an extraordinary circumstance for equitable tolling purposes). Accordingly, the Court will dismiss the Petition as time-barred.

**III.  CERTIFICATE OF APPEALABILITY**

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Id.

The Court has concluded that Petitioner's Application For A

8

Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 is time-barred.  The Court is persuaded that reasonable jurists would not find this conclusion to be debatable, and therefore, the Court declines to issue a certificate of appealability.

**IV.   CONCLUSION**

For the reasons discussed, Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2254 will be denied. (D.I. 2.)

An appropriate Order will be entered.